1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY SCOTT ZIEGLER,

                 Petitioner,

    v.

JASON BENNETT,

                Respondent.

Case No. C24-5381-JNW-MLP

REPORT AND RECOMMENDATION

14

## I.   INTRODUCTION

15
16
17
18
19
20

Petitioner Jeffrey Ziegler is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, pursuant to a judgment and sentence entered in Clark County Superior Court case number 05-1-01088-6. (*See* dkt. # 6). He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking relief from that judgment. (*Id.*) The petition has not been served on Respondent. After careful review of the petition, and the balance of the record, this Court concludes that Petitioner's federal habeas petition should be dismissed.

21

## II.   DISCUSSION

22
23

The Court received Petitioner's federal habeas petition for filing on May 16, 2024. (*See* dkt. # 1.) Petitioner asserted therein that his current custody is unlawful because Clark County

REPORT AND RECOMMENDATION
PAGE - 1

1  authorities failed to secure an arrest warrant before seizing his person. (*See* dkt. ## 6, 6-2.) After

2  reviewing the petition, this Court determined that the single claim asserted by Petitioner was not

3  eligible for federal habeas review. Thus, on June 6, 2024, this Court issued an Order directing

4  Petitioner to show cause why this action should not be dismissed for failure to exhaust state court

5  remedies. (Dkt. # 8.)

6       In the Order to Show Cause, the Court first explained that though Petitioner presented his

7  petition as one filed under § 2241, the petition was properly construed as one brought pursuant to

8  28 U.S.C. § 2254 because the Ninth Circuit has held that § 2254 is the exclusive avenue for a

9  state court prisoner to challenge the constitutionality of his detention. (Dkt. # 8 at 2 (citing *White*

10  *v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v.*

11  *Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc))). The Court further explained that in order to

12  obtain relief under § 2254, a petitioner must demonstrate each of his claims for federal habeas

13  relief has been properly exhausted in the state courts. (*See id.* (citing 28 U.S.C. § 2254(b)-(c)).)

14  The Court noted that Petitioner had made clear in his petition that he had not presented the claim

15  raised therein to any state appellate court for review, and that the claim was therefore

16  unexhausted. (*Id.*)

17       Petitioner was granted thirty days within which to file a response to the Order to Show

18  Cause, and he was advised that his failure to timely respond would result in a recommendation

19  that this action be dismissed. (Dkt. # 8 at 2.) To date, Petitioner has filed no response to the

20  Court's Order. Because Petitioner makes no showing that he presented his proposed ground for

21  federal habeas relief to the state courts for review, his claim is unexhausted and ineligible for

22  federal habeas review at this time.

23

REPORT AND RECOMMENDATION
PAGE - 2

### III.    CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (dkt. # 6) and this action be DISMISSED without prejudice.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter. This Court therefore recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 16, 2024**.

//

//

REPORT AND RECOMMENDATION
PAGE - 3

DATED this 26th day of July, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge