1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

JEFFREY SCOTT ZIEGLER,

8                                        Petitioner,

9               v.

10    JASON BENNETT,

11                                        Respondent.

12

CASE NO. 3:24-cv-5381

ORDER OVERRULING OBJECTIONS
AND ADOPTING REPORT AND
RECOMMENDATION

13

## 1. INTRODUCTION

Before the Court is the Report and Recommendation (R&R) of the Honorable
Michelle L. Peterson, United States Magistrate Judge for the Western District of
Washington, recommending that the Court dismiss Petitioner Jeffrey Scott Ziegler's
case without prejudice. Dkt. No. 9. Ziegler objects. Dkt. No. 10. Based on its de novo
review of the R&R, the objections, and the remainder of the record, the Court
OVERRULES Ziegler's objections and ADOPTS the R&R.

## 2. BACKGROUND

Ziegler remains confined at the Stafford Creek Corrections Center in
Aberdeen, Washington, pursuant to a conviction and sentence entered in Clark

County Superior Court case number 05-1-01088-6 in December 2005. Dkt. No. 6-3 at 2. Ziegler alleges he was arrested on May 12, 2005, without a warrant. *Id.*; Dkt. No. 6-2 at 1-2. Ziegler also argues his improper arrest robed Clark County Superior Court of jurisdiction to convict and sentence him, and therefore, he has been improperly confined. Dkt. No. 6-2 at 3. In his petition, Ziegler concedes he did not appeal his conviction; instead, he claims "[t]his filing constitutes and appeal." Dkt. No. 6 at 2.

On June 6, 2024, Judge Peterson ordered Ziegler to show cause, within 30 days, "why his petition and this action should not be dismissed for failure to exhaust state court remedies." Dkt. No. 8 at 2. Judge Peterson also warned that if Ziegler failed to file a timely response, she would recommend dismissal. *Id.* Ziegler did not respond, and Judge Peterson issued an R&R, recommending that the Court dismiss his petition without prejuidce and deny a certificate of appealability. Dkt. No. 9. at 2-3.

## 3.  DISCUSSION

Ziegler raises eight objections. Dkt. Nos. 10, 11.

| OBJECTION | RULING |
|---|---|
| **Objection 1:** Ziegler objects to the "entire" R&R. | **Overruled.** Objections must be specific to an issue in the R&R. 28 U.S.C. § 636 ("A [district court] judge . . . shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made.") (emphasis added). Even if the Court overlooks the vague nature of Ziegler's first objection, it still lacks merit— the R&R's findings and recommendations are legally sound. |

| OBJECTION | RULING |
|---|---|
| **Objection 2:** The R&R "failed to address Petitioner's Request for Certification[.]" | **Overruled.** The R&R "careful[ly] review[ed] [Ziegler's] petition and "the balance of the record[.]" Because Ziegler filed his request for certification with his petition, the R&R addressed this issue, however, it did not impact the analysis. The Court agrees with the R&R's conclusion that this request does not change the fact that Ziegler failed to exhaust his state court remedies; thus, his petition cannot proceed. |
| **Objection 3:** The R&R "failed to address Petitioner's Affidavit of Support[.]" | **Overruled.** Ziegler filed his affidavit with his petition, so the same reasoning applied in Objection 2 applies here. The Court finds Ziegler's affidavit inconsequential to the determinative issue of exhaustion. |
| **Objection 4:** Citing Rule of Evidence 201(b), (e), Petitioner claims the R&R failed to take judicial notice nor was he allowed to be heard on the issue. | **Overruled.** Because the Court finds this case must be dismissed for failure to exhaust remedies, and Ziegler's request for judicial notice does not change this requirement, the Court overrules this objection. *See Bennett v. Bennett*, No. C24-0272JLR, 2024 WL 2748807, at *2 (W.D. Wash. May 29, 2024); *Warner v. Bennett*, No. C24-5414-KKE-MLP, 2024 WL 4107308, at *1 (W.D. Wash. Sept. 5, 2024) (overruling the same objection). |
| **Objection 5:** The R&R "failed to order the respondent to produce a certified copy of the [a]rrest [w]arrent[.]" | **Overruled.** Ziegler provides no support for the notion that he is entitled to a court order for documents even though his case cannot proceed given he failed to pursue state court remedies. This request does not impact the Court's analysis. |
| **Objection 6:** The R&R "failed to consider whether or not an evidentiary hearing would benefit a merits resolution[.]" | **Overruled.** The Court has discretion over whether to hold an evidentiary hearing, and "if the record . . . precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Ziegler does not identify how an evidentiary hearing would preserve his case nor does he dispute the Court's finding that he |

| OBJECTION | RULING |
|---|---|
| | failed to exhaust his state court remedies even though such exhaustion was required. |
| **Objection 7:** The R&R "asserts a [p]rocedural [d]efense without any party asserting [an exhaustion] defense[.]" | **Overruled.** "[T]he Ninth Circuit has held that the court 'may consider whether state remedies have been exhausted even if the state does not raise the issue.'" *Warner v. Bennett*, No. C24-5414-KKE-MLP, 2024 WL 4107308, at *2 (W.D. Wash. Sept. 5, 2024) (quoting *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981). The Court may sua sponte consider exhaustion. |
| **Objection 8:** The R&R "recharacterizes" the petition as one filed under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241. | **Overruled.** As Judge Peterson explained in the R&R, because Ziegler is a state court prisoner challenging the constitutionality of his detention, 28 U.S.C. § 2254 is the exclusive avenue under which he may proceed. Therefore, the R&R properly construed his petition under 28 U.S.C. § 2254. |

## 4.  CONCLUSION

Accordingly, the Court finds and ORDERS:

- The R&R, Dkt. No. 9, is approved and ADOPTED.

- Ziegler's petition for writ of habeas corpus, Dkt. No. 6, and this action are DISMISSED without prejuidce for failure to exhaust state court remedies.

- Ziegler's subsequent motions, Dkt. Nos. 12, 13, 14, and 15, are DENIED as moot.

- In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED.

1

2

- The Clerk is directed to send copies of this Order to Ziegler and to the
  Honorable Michelle L. Peterson.

3

4

5

Dated this 1st day of November, 2024.

6

7

8

Jamal N. Whitehead
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION - 5