UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY SCOTT ZIEGLER,<br><br>Petitioner,<br><br>v.<br><br>JASON BENNETT, Superintendent, Stafford Creek Correctional Center,<br><br>Respondent. | CASE NO. 3:24-cv-5381<br><br>ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT |

# 1. INTRODUCTION

This matter comes before the Court on Petitioner Jeffrey Scott Ziegler's Motions for Relief from Judgment. Dkt. Nos. 22–32. After considering the motions, the record, and the relevant law, the Court is fully informed and denies the motions for the reasons below.

# 2. BACKGROUND

On November 1, 2024, the Court adopted the Report and Recommendation ("R&R") of Magistrate Judge Michelle L. Peterson, overruling Ziegler's objections.

*See* Dkt. 18. The R&R recommended dismissing Ziegler's Petition and this case for failure to exhaust state court remedies. *See* Dkt. No. 9 at 2–3.

Ziegler objected to the R&R, *see* Dkt. Nos. 10 and 11, and so the Court reviewed the record, the objections, and the objected-to portions of the R&R de novo. *See* Dkt. No. 18. The Court made a de novo determination that the Petition should be dismissed. *Id*. Since then, Ziegler has filed ten motions requesting relief from the Court's Order and Judgment under Federal Rule of Civil Procedure 60(b)(4). Dkt. Nos. 22–32.

### 3. DISCUSSION

Under Rule 60(b)(4), a final judgment is void "only if the court that considered it lacked jurisdiction . . . or acted in a manner inconsistent with due process." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999). Given its duty to construe pro se pleadings liberally, the Court also construes Ziegler's pending motions as motions for relief under Rule 60(b)(6). *See Bennett v. Bennett*, Case No. C24-0272-JLR, 2024 WL 3316438, at *2 (W.D. Wash. July 5, 2024) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 528 n.1 (2005) (finding the substance of the petitioner's motion made it clear that he requested relief under Rule 60(b)(6))). Rule 60(b)(6) allows the district court to relieve a party from final judgment for any justifiable reason. Fed. R. Civ. P. 60(b)(6). But the party seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" that "justify the reopening of a final judgment." *Bennett*, 2024 WL 3316438, at *2 (quoting *Gonzalez*, 545 U.S. at 535 (internal quotes omitted)).

The Court considers and rejects Ziegler's arguments, beginning with his contention that the Court "violated the Magistrate's Act and Habeas Rule 8(b) by failing to conduct a de novo review" of various pleadings that he has filed in this matter. *See e.g.*, Dkt. No. 25 (arguing Court failed to review de novo Petitioner's "Motion to Waive Magistrate's Report and Recommendation"). "The Federal Magistrates Act, 28 U.S.C. §§ 631–39, governs the jurisdiction and authority of federal magistrates." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1118 (9th Cir. 2003). The Act expressly empowers magistrate judges to submit reports and recommendations to district court judges on "applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrates Act only requires a district court to review an R&R de novo when a party objects to the R&R. 28 U.S.C. § 636(b)(1) (Courts must review de novo any "portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."); *see also Reyna-Tapia*, 328 F.3d at 1121 (citing *Peretz v. United States*, 501 U.S. 923, 937–939 (1991) (holding that de novo review is not required unless requested)).

Contrary to Ziegler's assertion, the law does not require the Court to review his *motions* de novo. To be sure, the Court only needed to review de novo the portions of the R&R to which he properly objected. *See* 28 U.S.C. § 636(b)(1); *Reyna-Tapia*, 328 F.3d at 1121. The Court conducted a de novo review consistent with the law. *See United States v. Ramos*, 65 F.4th 427, 434–35 (9th Cir. 2023) (holding that so long as the district court reviews the R&R de novo, consistent with 28 U.S.C.

§ 636(b), it has no obligation to provide an individualized analysis of each objection to the R&R in its order) (collecting cases). Because the Court applied the correct legal standard, Ziegler is not entitled to relief under Rule 60(b)(4) or (b)(6) on the basis that the Court failed to review certain issues (or pleadings) de novo.

Ziegler also cites Rule 8(b) of the Rules Governing Section 2254 Cases and Section 2255 to support his argument. But that rule discusses evidentiary hearings and is thus not helpful here. Similarly, Ziegler's citations to *Gomez v. United States*, 490 U.S. 858 and *Dawson v. Marshall*, 561 F.3d 930 (9th Cir. 2009), *see id.*, are not persuasive, as these cases discuss the de novo review standard, which the Court correctly applied. Accordingly, neither this precedent nor Rule 8(b) provide a reason to relieve Ziegler from the Court's judgment.

Next, Ziegler maintains that the Court "fail[ed] to apply Supreme Court precedent in the determination of the Fourth Amendment." *See e.g.,* Dkt. No. 25 at 2. To support this argument, Ziegler cites *Williams v. Taylor*, 529 U.S. 362 (2000), generally and without explanation. *See e.g., id.* Upon review, the precedent cited does not contradict the Court's process, findings, or conclusions in this case. Accordingly, it does not provide a basis for relief under Rule 60(b)(4) or (b)(6).

In one motion, Ziegler cites *Trest v. Cain*, 522 U.S. 87 (1997) and contends that the Court "violated the Magistrate's Act and Habeas Rule 8(b) by asserting a procedural defense not made by respondent." Dkt. No. 30 at 1. In *Trest*, the Supreme Court discussed the procedural default rule—an affirmative defense in habeas cases. 522 U.S. at 89 (quoting *Gray v. Netherland*, 518 U.S. 152, 166 (1996)). The Court understands Ziegler to argue that the Court relied on the procedural

default rule to dismiss his Petition. It did not. Rather, the Court applied the longstanding rule that "a state prisoner's federal habeas petition should be dismissed if the [petitioner] has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also* 28 U.S.C. § 2254(d); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions . . . . Instead, it may simply dismiss the habeas petition for failure to exhaust.").

Next, Ziegler argues that he filed his Petition under 28 U.S.C. § 2241 and that the Court incorrectly "interpreted and recharacterized . . . [it] as a 28 U.S.C. § 2254 petition" thereby subjecting him to "the restrictions of 28 U.S.C. § 2244(b)." Dkt. No. 27 at 1. But as Judge Peterson aptly reasoned, "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" Dkt. No. 8 at 2 (quoting *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc)). Thus, the Petition properly construed under § 2254 rather than § 2241.

Ziegler also "requests an application of the analysis set forth in *Ornelas v. United States*," 517 U.S. 690 (1996), stating that it is "worthy of historical fact that Petitioner filed a Motion Requesting Evidentiary Hearing, pursuant to Evidence Rule 201(e), which received no consideration." Dkt. No. 32 at 1. Upon review of *Ornelas*, that case is inapplicable to the Court's Order and Judgment from which Ziegler seeks relief. 517 U.S. at 699 ("We therefore hold that as a general matter

determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."). And any argument that the Court needed to consider or hold an evidentiary hearing at this stage of the proceedings is incorrect and unsupported. *See Yacom v. Allison*, Case No. 1:21-cv-00187-NONE-HBK, 2021 WL 2142618, at *1 (E.D. Cal. May 26, 2021) (citing 28 U.S.C. § 2254(e)(2)(A)(ii); Rule 8(a) of the Governing Section 2254 Cases) ("Evidentiary hearings are granted only under limited circumstances in habeas proceedings[;] it is premature to hold an evidentiary hearing" where there has been no response to the petition.)

Lastly, each motion requests a certificate of appealability. A habeas petitioner must obtain a certificate of appealability to appeal the denial of a Rule 60(b) motion. *See United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015). "A certificate of appealability should only issue on a denial of a Rule 60(b) motion if '[1] jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and [2] jurists of reason would find it debatable whether the underlying [habeas] motion states a valid claim of the denial of a constitutional right.'" *Dunsmore v. Harris*, Case No.: 13-cv-1193-GPC-PCL, 2022 WL 542541, at *1 (S.D. Cal. Feb. 22, 2022) (quoting *Winkles*, 795 F.3d at 1143)). As that standard is not met here, a certificate of appealability will not issue.

## 4. CONCLUSION

Accordingly, the Court ORDERS that Ziegler's Motions for Relief from Judgment, Dkt. Nos. 22–32, are DENIED. The Court DENIES a certificate of appealability.

Dated this 18th day of December, 2024.

_____
Jamal N. Whitehead
United States District Judge

ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT - 7